21022

The STATE, Respondent, v. Arthur WHITE and Arnold Parker, Appellants.

(257 S. E. (2d) 239)

*Thomas McKinnon White, Asst. Public Defender of Charleston County* and *Ann M. Stirling,* Charleston, *for appellants.*

*Atty. Gen. Daniel R. McLeod* and *Asst. Atty. Gen. Brian P. Gibbes,* Columbia, and *Sol. Capers G. Barr, III,* and *Asst. Sol. Linda Lombard,* Charleston, *for respondent.*

August 2, 1979.

LEWIS, Chief Justice:

Appellants Arnold Parker and Arthur White were arrested in January 1978 and charged with criminal sexual conduct in the first degree. Their subsequent trial resulted in their conviction of criminal sexual assault in the third degree and a sentence to imprisonment for nine (9) years, from which they prosecuted this appeal.

The only question which we need consider concerns the refusal of the trial judge to allow the introduction of any testimony with reference to the admitted contraction by the prosecutrix of a venereal disease.

The charges against appellants arose out of the alleged criminal sexual assault of the prosecutrix by appellants on the evening of December 29, 1977. The assault allegedly took place in a secluded area and, after the attack was over, the prosecutrix was returned to the vicinity of her home. She did not mention the incident to her mother that night, but reported the assault to the police on the following day. She was then taken to the emergency room at the Charleston County Hospital for treatment and examination, after which she was informed that she had gonorrhea. The prosecutrix was then referred to the Charleston County Health Department where she was asked to name her recent sexual contacts so that they might be tested and treated.

At the trial and in the absence of the Jury, appellants sought to cross-examine the prosecutrix (and later tendered proof to show the following) with reference to the fact that the prosecutrix was found to have venereal disease on the evening following the alleged assault: (1) when questioned by the health authorities concerning her sexual contacts, the prosecutrix listed appellant Parker's full name and address, yet failed to name appellant White; (2) she stated to one Amos Jones, prior to trial, that she had contracted the venereal disease from one or both appellants; (3) the existence of gonorrhea cannot be detected until 48 hours after sexual contact, while the examination of the prosecutrix, made within 24 hours after the alleged assault by appellants, showed that she then had the disease; (4) medical reports showing the absence of venereal disease in appellant Parker a few days after the alleged assault and in White about thirty days after the assault.

The trial judge excluded the foregoing testimony on the ground that it was inadmissible under the provisions of Section 16-3-659.1, Supplement to 1976 Code of Laws (1977 Act No. 157, Section 10). This statute was enacted to protect a complaining witness in rape cases from unwarranted

introduction of embarrassing testimony and provides, in pertinent part, as follows:

Evidence of specific instances of the victim's sexual conduct . . . shall not be admitted in prosecutions [for criminal sexual conduct]; provided, however, that evidence of the victim's sexual conduct with the defendant, or evidence of specific instances of sexual activity with persons other than defendant introduced to show source or origin of . . . disease about which evidence has been previously introduced at trial shall be admissible if the judge finds that such evidence is relevant to a material fact and issue in the case and that its inflammatory or prejudicial nature does not outweigh its probative value.

The State did not offer or rely on testimony concerning the contraction of the venereal disease by the prosecutrix to establish the assault. The testimony was first offered by appellants for the purpose of impeachment. We think it was admissible for that purpose.

The main contention of appellants is that the proffered testimony was admissible because it tended to impeach the victim's testimony that she had been raped by the appellants. Pertinent here, the quoted provisions of Section 16-3-659.1 exclude "[e]vidence of specific instances of the victim's sexual conduct." Clearly, the testimony did not show specific instances of sexual conduct by the prosecutrix with appellants or others. It is true that, if the prosecutrix had a venereal disease and did not contract it from appellants an inference might arise that she contracted the disease from sexual contact with a person other than appellants. This, however, is not the class of testimony proscribed by Section 16-3-659.1.

The relevancy of the testimony concerning the venereal disease is not based upon the fact that the prosecutrix had gonorrhea, but rather the statements by her relative to the source of the contraction of the disease. Her prior statements that she contracted the disease as a result of the sexual

assault by appellants, viewed in the light of other proffered testimony from which the inference might be drawn that she could not have contracted it from appellants, were relevant to a determination of the truth of her testimony that she was sexually assaulted by appellants and should have been admitted for that purpose.

The importance of the free exercise of the right of cross-examination for the purpose of impeachment is demonstrated in the case of *Davis v. State of Alaska,* 415 U. S. 308, 94 S. Ct. 1105, 39 L. Ed. (2d) 347.

The judgment is reversed and the case remanded for a new trial.

LITTLEJOHN, NESS, RHODES and GREGORY, JJ., concur.